## In re BRUNDAGE.

(District Court, N. D. Iowa, W. D. April 9, 1900.)

1. BANKRUPTCY—EXAMINATION OF BANKRUPT—SCOPE OF INQUIRY.

   On the examination of a bankrupt by his creditors for the purpose of determining the condition of his estate and the disposition he has made of his property, the inquiry is not limited to facts and transactions occurring within four months prior to the bankruptcy, but may be directed to matters anterior to that time, if the circumstances in question will throw any light upon the facts or issues pertinent to the proceedings.

2. SAME.

   Where a bankrupt stated that he had sold certain property, and used part of the proceeds in paying a debt for money borrowed, all the circumstances of the transaction are open to inquiry on the bankrupt's examination by his creditors; and they are not precluded from inquiring into the truth of the alleged loan of money, merely because it was made more than four months before the commencement of the proceedings in bankruptcy.

In Bankruptcy. On review of decision of referee in bankruptcy.

O. H. Montzheimer, for creditors.

P. R. Bailey, for bankrupt.

SHIRAS, District Judge. When a bankrupt submits himself to an examination on behalf of creditors, it is open to the creditors to inquire into the disposition of his property, in order to ascertain whether there exist property, money, rights, or claims in which the bankrupt has an interest or equity. In order to fully investigate the condition of his property, it is frequently necessary to inquire about facts, transfers, and the like that may have taken place more than four months prior to the date of the adjudication or of the beginning of the proceedings. The mere fact that the transaction inquired about happened more than four months before the initiation of the bankruptcy proceedings is no reason why it may not be inquired into or proven, provided it will aid in throwing light upon any issue or fact pertinent to the proceedings. Thus, it may be shown that a year since the bankrupt received a sum of money or property, as a basis for inquiring into the disposition of the same, whether the bankrupt has it concealed, what disposition has been made of it, etc. If the offer was to prove that, more than four months before the bankruptcy proceedings were begun, the bankrupt had given a preference to a creditor, then the fact offered to be proved would be immaterial, and an objection thereto would be sustained. When the object of the examination, however, is to ascertain the true condition of the affairs of the bankrupt, then it is open to creditors to inquire about matters that may have taken place more than four months before the date of the bankruptcy proceedings. Thus, it seems the bankrupt had sold 80 acres of land to his brother in December, 1899, and he claimed that he had received $1,550 in cash, and had paid up a debt of $450 of money borrowed. All features of this transaction were open to inquiry, and the creditors should not have been precluded from ascertaining the truth about the loan of $450 on the ground that it was a transaction that

had taken place more than four months before the bankruptcy proceedings were instituted. The exceptions to the rulings of the referee must therefore be sustained.